UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY PITTS, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:04CV00735 RWS |
| | ) |
| CITY OF OWENSVILLE, et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Defendants' Motion to Quash Notice of Deposition of Counsel [#155].

On June 4, 2007, Plaintiff's Notice to Take Deposition of the undersigned, Michael Hart. [#154] was filed. The Plaintiffs also seek testimony for any attorney or paralegal that has provided legal services for any Defendant, including name and address, date of graduation of law school, date of admissions for the Missouri Bar, specialty, description of each person's expertise, hourly rate at various times, the total number hours billed and a description of each type of expense. Further, Plaintiffs direct defense counsel to produce all documents concerning fees and expenses charge for legal services, including billing statements, time records, description of expenses and description services render. Defendants seek to quash this Notice.

Plaintiffs cite Burks v. Siemans Energy and Automation, Inc., 215 F.3d 880, 884 (8th Cir. 2000) for the proposition that they are entitled to this information. Burks said exactly the opposite. The 8th Circuit held that whatever the defense fees and costs billed are is irrelevant to Plaintiff's fee request. Id. The Court held that the benchmark for a Plaintiff's fee award is reasonableness; if defense fees were an issue then the trial court must also determine whether the

defense fees were reasonable. Id. The Court held that the comparison of Plaintiffs' and Defendants' costs is an "apples to oranges" comparison." Id.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash Notice of Deposition of Counsel [#155] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2007.